**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINA MONTIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| EASTPOINT RECOVERY GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CHRISTINA MONTIEL ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, EASTPOINT RECOVERY GROUP, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This court has jurisdiction under 28 U.S.C. §§ 1331, and 15 U.S.C. § 1692k (FDCPA).
3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."
4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in the City of Chicago, Cook County, State of Illinois.
6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).
7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).
8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).
9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.
10. Defendant is a national collection agency based in the City of Buffalo, Erie County, State of New York.
11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.
12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.
13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.
14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.
15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.
16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff, originating with a Lending Club account.

18. The alleged debt at issue arises from transactions for personal, family, and household purposes.

19. Within the past year of Plaintiff filing this complaint, Defendant placed telephone calls to Plaintiff on Plaintiff's telephone number at xxx-xxx-4458, in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff from 716-764-5934, which is one of Defendant's telephone numbers.

21. On at least one occasion since Defendant began calling Plaintiff, Plaintiff has answered Defendant's collection call and has spoken with one of Defendant's female collectors.

22. During the conversation, Defendant's female collector threatened to file a lawsuit against Plaintiff.

23. During the conversation, Defendant's female collector threatened to file a lien against Plaintiff's property.

24. Since Defendant began calling Plaintiff, Defendant left the following voicemail messages on Plaintiff's telephone:

    a. "Hi, good morning, Christina. This is Travis (unintelligible) with the Eastpoint Group. If you could please return my call, I did see there were a few missed calls on the caller ID. My direct line is 716-794-5934. Again, this is Travis with the Eastpoint Group. Thank you."

    b. "Hi. This is an important message for Christina Montiel. If this is not Christina Montiel, please hang up now. By remaining on this call, you have acknowledged that you are in fact Christina Montiel. We are calling from Eastpoint Recovery Group. This call is an attempt to collect a debt and any information obtained will

be used for that purpose, Christina Montiel. Please call me back at 1-800-459-2417 with your reference number 547262."

c. "Hi, good morning. This message is for Christina Montiel. This is Travis calling with the Eastpoint Group in regards to the claim that was filed in our office. We spoke briefly a few times actually, but I believe you were waiting on your taxes. Um, you were also going to talk to your father, I believe. Unfortunately, we are pretty much out of time on that, so I would need to hear from you with some sort of installment by end of business tomorrow, which is Tuesday, March 31. After that, my client is looking for recommendation on how to proceed. So, give me a call back, let me know what the update is. My direct line is 716-794-5934. Like I said previously, we will do what we can to work with you. Alright, thanks. Bye."

25. The telephone number 800-459-2417 belongs to Defendant.

26. The voicemail messages left on Plaintiff's telephone did not disclose that the communication was from a debtor collector and that any information obtained will be used for that purpose.

27. Defendant is or should be familiar with the FDCPA.

28. Defendant knows or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

29. To date, Defendant has not taken legal action against Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Defendant violated the FDCPA based on the following:

a. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or

misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

b. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the attachment of any property of any person unless such action is lawful and the debt collector intends to take such action, when Defendant threatened to file a lien against Plaintiff's property when such action is not lawful and when Defendant did not intend to take such action;

c. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended be taken, when Defendant threatened to file a lawsuit against Plaintiff when Defendant did intend to take such action;

d. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left voicemail messages on Plaintiff's telephone without disclosing that the communication is from a debt collector and that any information obtained will be used for that purpose; and

e. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, CHRISTINA MONTIEL, respectfully requests judgment be entered against Defendant, EASTPOINT RECOVERY GROUP, INC., for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

33. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

April 28, 2020

By: /s/ Taylor L. Kosla

Taylor L. Kosla
IL State Bar #: 6327180
Agruss Law Firm, LLC
4809 N. Ravenswood Ave.
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
taylor@agrusslawfirm.com
Attorney for Plaintiff